# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1186 | **DATE** | JUL 02 2003 |
| **CASE TITLE** | Daniels, et al. v. Federal Reserve Bank of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Plaintiffs Phyllis King, Marsha T. Daniels, Janice C. Harrison, Adriane D. McCoy, Arnold Pugh, Leydell Smith and Frances Smith (Doc. # 176)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]. Defendant's Motion to Dismiss (Doc. #176) is **denied**. Enter memorandum and opinion.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUL 03 2003 | |
| | Notified counsel by telephone. | | | date docketed | 230 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| JHC | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DENNIS DANIELS, et al., )
)
        Plaintiffs, )
)
v. )
) No. 98 C 1186
FEDERAL RESERVE BANK )
OF CHICAGO, ) The Honorable William J. Hibbler
)
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

In this employment discrimination action, defendant Federal Reserve Bank of Chicago has filed a motion to dismiss the claims of plaintiffs Phyllis King, Marsha T. Daniels, Janice C. Harrison, Adrian D. McCoy, Arnold Pugh, Leydell Smith, and Frances Smith (plaintiffs) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons below, defendant's motion is **DENIED**.

This case was filed in February 1998 under 42 U.S.C. § 1981 by eight individual plaintiffs alleging racial discrimination in the workplace. In June 1998, six more plaintiffs were added as part of an amended complaint. In addition to adding plaintiffs, the amended complaint also added claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for seven of the fourteen plaintiffs who had filed charges of discrimination with the EEOC. In March 2000, the Court certified the case as a class action under Fed.R.Civ.P. 23 for purposes of both section 1981 and Title VII. However, in May 2002, the Court decertified the class, returning it to the status of fourteen

1

individual claims. The present motion addresses those plaintiffs who did not file EEOC charges and therefore assert claims solely under section 1981.

Defendant claims that the plaintiffs' status as at-will employees precludes them from asserting claims under section 1981. To support their position, defendant cites this Court's recent decision in *Ward v. Tranzact Payment Services Inc.*, 2002 WL 31426660, at *4 (N.D.Ill. Oct. 28, 2002), which held that at-will employees cannot maintain section 1981 claims as a matter of law. In response, plaintiffs acknowledge the Court's decision in *Ward* but argue that it directly conflicts with the Court's previous ruling *in this case* that at-will employment relationships are sufficient to support section 1981 violations. *See Daniel v. Federal Reserve Bank of Chicago*, 194 F.R.D. 609, 616 (2000). Plaintiffs contend that this ruling establishes the "law of the case" from which the Court should not depart.

The Court recognizes that it has issued conflicting statements regarding the ability of an at-will employee to sustain a claim under section 1981. It is therefore necessary to articulate the Court's present view of the law surrounding this important issue. The Court is also mindful that the doctrine of "the law of case" creates a presumption that a ruling made at one stage of the lawsuit will be adhered to throughout the suit. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995).

The Seventh Circuit has not decided whether at-will employment relationships are sufficient to support 1981 claims, but has addressed the issue in dicta. *See Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025 (7th Cir. 1998); *McNight v. General Motors Corp.*, 908 F.2d 104, 109 (7th Cir. 1990). Lower courts within this circuit have markedly split trying to predict the Seventh Circuit's inclinations. *Compare Spielman v. Fisher Printing, Inc.*, 02C7454, 2003 WL 1090360 (N.D.Ill. March

10, 2003) (Plunkett, J.)(allowing employee at-will's section 1981 claim); *Ajayi v. Aramark Business Services*, 2002 WL 1160945 (N.D.Ill. May 30, 2002) (Plunkett, J.)(same); *Riad v. 520 S. Michigan Avenue Assoc. Ltd.*, 78 F.Supp.2d 748 (N.D.Ill. 1999) (Moran, J.) (same); *Jones v. SABIS Educational Systems, Inc.*, 52 F.Supp.2d 868 (N.D.Ill. 1999) (Gettleman, J.)(same); *Daniels v. Nationwide Ins.*, No. 99C757, 1999 WL 495649 (N.D.Ill. June 28, 1999) (Conlon, J.)(same); *Robinson v. Sabis Educ. Sys., Inc.*, 1999 WL 414262 (N.D.Ill. June 4, 1999) (Coar, J.)(same) *with Rash v. Minority Intermodal Specialists, Inc.*, No. 00C6352, 2003 WL 1463476 (N.D.Ill. Mach 20, 2003) (St. Eve, J.) (dismissing employee at-will's section 1981); *Jackson v. Int'l Brotherhood of Teamsters, Local Union No. 705*, 2002 WL 31572544 (N.D.Ill. Nov. 18, 2002) (Guzman, J.)(same); *Chung v. KPMG, LLP*, 2002 WL 31307424 (N.D.Ill. Oct. 11. 2002) (Kocoras, C.J.)(same); *Taylor v. Crucible Service Center*, 2002 WL 570638 (N.D.Ill. Apr. 16 2002) (Holderman, J.)(same); *Tucker v. Cassidy, Schade & Gloor*, No. 99C4001, 2000 WL 968828 (N.D.Ill. July 13, 2000) (Kocoras, C.J.)(same); *Payne v. Abbott Laboratories*, No. 97C3882, 1999 WL 116208 (N.D.Ill. March 2, 1999) (Leinenweber, J.)(same); *Blumenthal v. Murray*, 995 F.Supp. 831 (N.D.Ill. 1998) (Gettleman, J.)(same).

Other Courts of Appeal decidedly favor an at-will employee's ability to sustain a section 1981 claim. *Skinner v. Maritz, Inc.*, 253 F.3d 337 (8th Cir. 2001); *Lauture v. IBM Corp.*, 216 F.3d 258 (2nd Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048 (5th Cir. 1998). This Court finds the reasoning of these courts of appeal persuasive and, accordingly, holds that plaintiffs can state a claim under section 1981 regardless of their status as at-will employees.

Section 1981 guarantees to all persons in the United States "the same right . . .to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. Section 1981(a). In 1991,

3

Congress amended section 1981 by adding, *inter alia*, a new, broad definition of "make and enforce contracts":

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. Section 1981(b).

A section 1981 action, then, must be founded on racially discriminatory actions that affect at least one of the contractual aspects listed in section 1981(b). *Spriggs*, 165 F.3d at 1018. Consequently, the initial question must be whether the complaint alleges facts that, if true, demonstrate that the plaintiff entered into a contract with the defendant. *See Gonzalez*, 133 F.3d at 1034 ("In order to bring a section 1981 claim there must at least be a contract."). It is undisputed that plaintiffs were employees at-will and had no formal written employment contracts with defendant. Plaintiffs argue that this employment relationship nevertheless embodies sufficient contractual rights to support a cause of action under section 1981. The Court agrees.

The Seventh Circuit has found that a contract for employment at-will "is a real and continuing contract . . . not a series of contract each a day – or a minute – long." *McNight*, 908 F.2d at 109. As explained by Chief Judge Posner in *McNight*, the employment at-will contractual relationship covers "wages, benefits, duties, [and] working conditions." *Id.* It is well recognized that an employee at-will relationship with her employer consists of the rendition of services in exchange for her employer's payment of wages. *Vandevier v. Mulay Plastics, Inc.*, 135 Ill.App.3d 787, 482 N.E.2d 377, 381 (1985). If the employer fails to pay the employee wages or other agreed upon benefits, the employee certainly has a cause of action against her employer irrespective of her status as a employee at-will. Accordingly, the Court finds that the at-will relationship creates significant and enforceable contract rights, and the relationship may therefore serve as predicate contracts for

4

section 1981 claims.

This conclusion does not conflict with Seventh Circuit dicta in *Gonzalez*. In that case, the employee had brought a claim under section 1981 for wrongful termination. *Gonzalez*, 133 F.3d at 1035. The court reasoned that the employee, as an employee at-will, did not have any contractual rights regarding the term of her employment and therefore could not claim she was discriminated against with respect to her layoff. *Id.* In this case, however, plaintiffs are not claiming wrongful termination. Rather, plaintiffs allege that defendant demoted or failed to promote them based on their race. These adverse employment actions directly affect the plaintiffs' contractual rights regarding "wages, benefits, duties [and] working conditions" that Judge Posner recognized as part of the at-will contractual relationship. *McNight*, 908 F.2d at 109.

The Court therefore finds that the complaint sufficiently alleges a contractual violation to support plaintiffs' section 1981 claims. Plaintiffs have alleged facts that, if true, indicate that they entered into an at-will employment contract with defendant. They also allege that defendant engaged in racially discriminatory action by demoting or failing to promote them based on their race. Section 1981(b) specifically includes "modification" and "enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" as aspects of making and enforcing contracts that are protected by section 1981(a). As a result, the complaint states a claim under 42 U.S.C. section 1981. Defendant's motion is therefore **denied**.

IT IS SO ORDERED.

7/2/03

William J. Hibbler
United States District Court