IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dennis Daniels, et al., | ) |
| | ) |
| | ) No. 98 C 1186 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Honorable William J. Hibbler |
| | ) |
| Federal Reserve Bank of Chicago, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Eleanor Baylie ("Baylie") and Frances Smith (collectively "Plaintiffs") were members of a class that filed an action against Defendant Federal Reserve Bank. On March 31, 2006, this Court granted Defendant's motion for summary judgment. As the prevailing party, Defendant Federal Reserve Bank filed a Bill of Costs with the Court seeking $42,672.30 pursuant to *Federal Rule of Civil Procedure 54(d)* and *28 U.S.C. § 1920*. For the reasons set forth below, Defendant is awarded $42,672.30 in costs. Specifically, Baylie is ordered to pay $5,512.40 and Frances Smith is ordered to pay $4,461.10. With respect to the remaining Plaintiffs, Defendant is ordered to apportion the remainder of the costs in accordance with this opinion. Additionally before the Court is Plaintiffs' Motion for Leave to File Surreply and/or Motion to Strike Defendant's Reply in Support of Its Bill of Costs. For the reasons discussed, this motion is DENIED.

1

## I. Factual Background

On February 25, 1998, fourteen current or former employees ("Class Plaintiffs") of Federal Reserve Bank filed a complaint alleging discrimination. On May 2, 2002, the Court decertified the class and fourteen Class Plaintiffs pursued their claims individually.[1] On March 3, 2004, the Court granted Defendant's summary judgment motion against individual Plaintiffs Gerald Brice, Charles Carson, Dennis Daniels, Alice Dixon, and Lorraine Matthews. On February 18, 2005, the Court granted Defendant's summary judgment motion against individual Plaintiffs Marsha Daniels, Janice Harrison, Phyliss King, Adriane McCoy, and Arnold Pugh. Finally, on March 31, 2006, the Court granted Defendant's motion for summary judgment against the remaining three Plaintiffs: Eleanor Baylie, Frances Smith and Leydell Smith.

Defendant filed its Bill of Costs on May 1, 2006. Plaintiffs Baylie and Frances Smith oppose the cumulative amount set forth as Defendant's cost and argue that the costs should be taxed as individual costs. Alternatively, these two Plaintiffs argue that, based upon Plaintiffs' success in having the original class certified, the Defendant is not the prevailing party and is not entitled to costs as set forth by *Fed. R. Civ. P. 54(d)*. Baylie and Frances Smith further argue that Defendant failed to establish that its costs were reasonable and necessary in furtherance of the litigation.

## II. Plaintiffs' Motion to Strike Defendant's Reply in Support of Its Bill of Costs

As a preliminary issue, Baylie and Frances Smith request that the Court strike Defendant's Reply in Support of Its Bill of Costs and Defendant's Exhibit B – the Affidavit of Nina G. Stillman – which allegedly provide information regarding the reasonableness and necessity of the Federal Reserve's costs. Plaintiffs argue that Defendant did not meet its burden of establishing the reasonableness and necessity of the costs. In addition, as the thirty-day limit

imposed by Local Rule 54.1 has passed, Plaintiffs contend that Federal Reserve has waived the right to recover the costs at issue. This Court disagrees with these Plaintiffs' contention that Defendant should not be permitted to present supplementary affidavits demonstrating its cost past the thirty-day limit. Indeed, the Seventh Circuit has allowed such affidavits to be used for purposes of clarifying a Bill of Costs. *See e.g., Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990). Accordingly, Plaintiffs' Motion to Strike Defendant's Reply in Support of Its Bill of Costs is DENIED.

### III. Analysis

*Federal Rule of Civil Procedure 54(d)(1)* authorizes: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Section 1920* sets forth the costs that a party generally may recover. *See 28 U.S.C § 1920*. Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. *28 U.S.C. § 1920*. Moreover, the Court notes that the prevailing party does not have the burden of demonstrating the reasonableness and necessity of costs. The Seventh Circuit has set forth that there is a presumption that the prevailing party should recover costs and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition, when there are multiple parties on the non-prevailing side they are jointly and severally liable for costs. *See White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (7th Cir. 2001).

---

[1] On March 27, 2003, the Court dismissed Plaintiff Cedell Johnson from this action upon his motion.

### A. Prevailing Party

Plaintiffs maintain that Defendant is not a prevailing party because Plaintiffs were successful in having the class certified. Here, the Court granted summary judgment on all counts as to thirteen named Class Plaintiffs and one Class Plaintiff voluntarily dismissed his claims. The Seventh Circuit has specifically held, "There is no dispute that, when a district court grants a party's motion for summary judgment, that litigant is a 'prevailing party' for purposes of the rule." *Hudson v. Nabisco Brands,* 758 F.2d 1237, 1242, (7th Cir. 1985)(overruled on other grounds). *See Herman v. Central States, Southeast and Southwest Areas Pension Fund,* No. 03 C 1010, 2003 WL 22955996 (N.D. Ill. Dec. 15, 2003)(despite lack of class status, defendants allowed costs as against multiple plaintiffs after defendants prevailed on summary judgment). Accordingly, Defendant is clearly the prevailing party pursuant to *F.R.C.P 54(d)*.

### B. Reasonableness and Necessity

In reviewing a Bill of Costs, the Court must determine whether the costs are allowed pursuant to *28 U.S.C. § 1920* and if so, whether the amount and necessity to the litigation is reasonable. *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 454 (7th Cir. 1998). If the costs are authorized by statute and both reasonable and necessary to the litigation, the Court should allow the costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 642 (7th Cir. 1991).

Defendant requests $41,050.50 for "fees for transcripts necessarily obtained for use in the case." *28 U.S.C. § 1920(2)*. In support of this request, Defendant attached numerous invoices from third-party vendors responsible for court reporting services. These invoices detailed, *inter alia,* the names of the deposed, the date and total time of the depositions, itemized charges, and total balances due. Plaintiffs argue that Defendant failed to adequately demonstrate the

reasonableness and necessity of the deposition transcripts. Contrary to Plaintiffs' assertion, the non-prevailing party bears the burden of demonstrating that the presumptive awarding of costs to the prevailing party would be inequitable. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). Thus, it is Plaintiffs Baylie and Frances Smith's burden to show that Defendant's costs were not reasonable or necessary for the litigation. Plaintiffs have failed to do so. Other than bald assertions to bolster their argument, Plaintiffs present no evidence to make a showing that the depositions were not necessary or reasonable.

Nonetheless, the Court will analyze Plaintiffs' argument regarding the costs. The test used to determine the necessity of deposition costs is whether "the deposition was necessary when taken." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). The Federal Reserve maintains that the information elicited from the depositions was utilized throughout the course of the litigation to address both the broader class allegations and later for the individual claims. Defendant also points out that a number of the depositions at issue were taken by Plaintiffs for which Defendant sought copies to prepare its case. Additionally, Defendant provided an itemized bill with supporting documentation delineating each specific cost and its use. Upon review of the record, the Court believes that Defendant has sufficiently demonstrated its costs. Again, Plaintiffs Baylie and Frances Smith failed to overcome the presumption that Defendant is entitled to these costs. Because Defendant has properly supported all listed costs with appropriate documentation, the Court finds the costs to be reasonable and necessary. Thus, the Court will not deny costs to the Defendant.

C.  **Liability**

Under *F.R.C.P 54(d)*, the general rule is that any liability for costs is to be joint and several where there are multiple non-prevailing parties. *See White*, 256 F.3d at 585-586.

Plaintiffs argue that they should only be taxed for the costs that relate exclusively to their claims. The Court disagrees. This was a case in which all fourteen Class Plaintiffs, represented by the same attorney, willingly chose to enter the suit at bar. As Senator William L. Marcy of New York said, "to the victor belong the spoils . . ." Encyclopedia Britannica online, William L. Marcy, *available at* http://www.britannica.com/eb/article-9050821/Willim-L-Marcy. The Court finds it unreasonable and inequitable to hold Plaintiffs liable for only those costs relating to their individual claims where they, if successful on their claims, would have equally shared in the benefit with the other Class Plaintiffs. Under those circumstances, joint and several liability is clearly proper. *Cf. White*, 256 F.3d at 586.

The Court finds, however, that a distinction must be drawn between the time period where Class Plaintiffs proceeded as a class and the period after class decertification, whereby Class Plaintiffs pursued their claims individually. The Court believes it inappropriate to require that Plaintiffs be responsible for those charges unrelated to their individual claims that occurred after class decertification. As such, all Class Plaintiffs are held jointly and severally liable for the deposition and/or transcription costs incurred prior to class decertification that was ordered on May 2, 2002. The $34,544.90 incurred prior to this time is to be divided jointly and severally between the fourteen Class Plaintiffs ($2,467.49 per Class Plaintiff). Moreover, such is the case for the court hearing transcripts. The amount accrued prior to class decertification, $394.40, will be equally proportioned between Class Plaintiffs ($28.17 each Class Plaintiff).[2] Lastly, the remaining costs will be distributed between the individual plaintiffs.

---

[2] Although the Class was decertified on May 2, 2002, this period was tolled until June 30, 2002. By the Court's records, all Class Plaintiffs made appearances in all hearings through December 5, 2002.

With respect to Baylie and Frances Smith, the Court relies on Plaintiffs' Objections to Defendant's Bill of Costs to determine which depositions taken after class decertification should be taxed to Eleanor Baylie, Frances Smith, or both.

1.   **Eleanor Baylie, Individual Liability**

In addition to the amounts that Plaintiff Baylie is jointly and severally liable, upon review the Court taxes the following costs to her:

| **Deposition/Transcription Costs** | **Amount** |
|---|---|
| Eleanor Baylie (03/18/03) | $ 633.75 |
| Catherine Bourke (04/22/03) | $ 274.95 |
| Mary Musgrave (04/23/03) | $ 321.95 |
| James Bluemle (04/25/03) | $ 267.90 |
| Margaret Humphrey (04/01/04) | $ 270.30 |
| Total Deposition/Transcription Costs | $ 1,768.85 |

**Court Hearing Transcripts**

| 07/23/03[3] | $ 9.48 |
|---|---|
| 03/19/04[4] | $ 46.20 |
| Total Court Hearing Transcript Costs | $ 55.68 |

**Copying Costs for Summary Judgment**

| Total Copying Costs | $ 182.88 |
|---|---|

2.   **Frances Smith, Individual Liability**

In addition to the amounts that Plaintiff Smith is jointly and severally liable, upon review the Court taxes the following costs to her:

---

[3] By the Court's record, the following individual Plaintiffs were actively involved in the litigation: Eleanor Bailey, Gerald Brice, Charles Carson, Dennis Daniels, Marsha Daniels, Alice Dixon, Janice Harrison, Phyliss King, Lorraine Matthews, Adriane McCoy, Arnold Pugh, Frances Smith, and Leydell Smith. The cost of $123.20 is to be divided amongst these thirteen Plaintiffs.

| Deposition/Transcription Costs | Amount |
|---|---|
| Frances Smith (03/28/03) | $ 419.25 |
| Dale Drum (04/16/03) | $ 305.50 |
| Total Deposition/Transcription Costs | $ 724.75 |

**Court Hearing Transcripts**

| | |
|---|---|
| 07/23/03 | $ 9.48 |
| 03/19/04 | $ 46.20 |
| Total Court Hearing Transcript Costs | $ 55.68 |

**Copying Costs for Summary Judgment**

| | |
|---|---|
| Total Copying Costs | $ 175.68 |

### 3. Baylie and Smith, Joint Liability

The Court orders that the following costs be shared equally by both Baylie and Smith:

| Deposition/Transcription Costs | Amount |
|---|---|
| Douglas Kasl (04/24/03) | $ 298.45 |
| Sherry Borman (04/30/03) | $ 352.50 |
| George Neumann (05/26/04) | $ 331.25 |
| Margaret Koenigs[5] (06/07/04) | $ 241.15 |
| Gary Skoog (09/03/04) | $ 795.30 |
| Total Deposition/Transcription Costs | $ 2,018.65 |

## IV. CONCLUSION

The Court awards Defendant $42,672.30 in costs, to be apportioned consistent with this opinion. Specifically, by the Court's calculation Plaintiff Baylie's total liability is $5,512,40 and the total liability of Plaintiff Eleanor Smith is $4,461.10. As the Court did not tax all costs

---

[4] By the Court's record, the following individual Plaintiffs were actively involved in the litigation on this date: Eleanor Baylie, Phyliss King, Adriance McCoy, Frances Smith, and Leydell Smith. Accordingly, the cost of $231.00 will be apportioned among these Plaintiffs.

[5] Although Plaintiffs did not concede this cost, the Court nonetheless taxes it to Plaintiffs as Plaintiffs' counsel was responsible for ordering said deposition.

8

occurring after class decertification jointly and severally to all individual Plaintiffs, the Court orders the Defendant to modify the costs owing by each Plaintiff to be apportioned in accordance with this opinion. In addition, for the reasons set forth above, the Court DENIES Plaintiffs' motion to strike Defendant's reply.

As an additional note, by the Court's calculation, each Class Plaintiff, as a non-prevailing party, would have been responsible to Defendant for $3,048.02, if all costs were divided equally. As both Baylie and Frances Smith are ordered to pay in excess of that amount, the Court is certain that the outcome is contrary to that which these two Plaintiffs sought. However, the Court believes this to be the outcome that equity dictates. The Court wonders why Plaintiffs Baylie and Frances Smith would have chosen to pursue such a course, bearing in mind attorney's fees, Plaintiffs' maximum liability, the amount that Plaintiffs conceded, and the risk of an unfavorable outcome. Were the Court to perform a cost benefit analysis and factor in the risks, the Court is sure that it would have been more cost-effective for all Class Plaintiffs to apportion all costs jointly and severally. Perhaps this is why the other twelve Class Plaintiffs found it wise not to dispute the taxing of costs. Be that as it may, the Court concludes that the determined result is the most equitable solution.

IT IS SO ORDERED.

3/7/07
Dated

The Honorable William J. Hibbler
United States District Court

9